IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS PARAMO, § | | |
|    Petitioner, § | | |
| § | | |
| v. § | No. 3:20-cv-00270-B (BT) | |
| § | | |
| L. GETER, § | | |
|    Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jesus Paramo, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition under Federal Rule of Civil Procedure 41(b).

I.

Paramo filed a motion to proceed *in forma pauperis* in this case, but he did not submit a six-month certificate showing the balance in his inmate trust account. On February 5, 2020, the Court sent Paramo a notice of deficiency, which ordered him to submit the certificate within 30 days. The Court warned Paramo that failure to timely cure this deficiency could result in a recommendation of dismissal. Paramo did not respond to the Court's order. On April 13, 2020, the Court sent Paramo a second notice of deficiency and granted him 30 additional days to submit a certificate showing the balance in his inmate trust account. The Court again warned Paramo that his failure to cure the deficiency could result in a recommendation that his petition be dismissed. More than 30 days have passed

1

since the Court sent Paramo the second notice of deficiency, but Paramo has not responded to the Court's order.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Paramo has failed to submit a certificate showing the balance in his inmate trust account. The Court is therefore unable to determine whether Paramo should be permitted to proceed *in forma pauperis* or whether he should be required to pay the filing fee. This litigation cannot proceed until Paramo complies with the Court's order and submits the certificate showing his inmate trust account balance. Accordingly, the Court should dismiss Paramo's habeas petition under Federal Rule of Civil Procedure 41(b).

III.

The Court should DISMISS Paramo's habeas petition without prejudice under Federal Rule of Civil Procedure 41(b).

Signed May 20, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE
INSTRUCTIONS FOR SERVICE AND

## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).